UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTELLA PERALTA-NAJERA,

    Plaintiff,

v.                                      Case No.:  2:23-cv-691-SPC-NPM

SAM'S EAST, INC.,

    Defendant.
                                         /

## OPINION AND ORDER

Before the Court are Plaintiff Estella Peralta-Najera's Motion for Sanctions (Doc. 32), Defendant Sam's East, Inc.'s Motion in Limine (Doc. 33), and Defendant's Motion for Final Summary Judgment (Doc. 34). The parties have responded (Docs. 38, 41, 43) and replied (Doc. 44). For the below reasons, the Court denies the motions.

This is a slip-and-fall case. In November 2022, Plaintiff visited Defendant's store and slipped and fell on some liquid on the floor. A couple of weeks later, she sent Defendant a preservation letter demanding that it retain video evidence from the date of the incident. In response, Defendant preserved footage from a single camera angle that does not capture the incident.

Meanwhile, Plaintiff visited her treating physician with complaints of lower back and wrist pain. She told her physician that she had undergone two prior procedures on her wrist. And he treated her with injections and a

rhizotomy. After filing suit, Plaintiff provided Defendant an expert disclosure describing this physician as a hybrid witness. She did not provide a full expert report. Her disclosure stated that the physician would testify about causation, among other topics. Defendant then deposed the physician. He provided testimony about his treatment of Plaintiff and opined that the slip and fall caused her injuries.

Plaintiff now moves for sanctions, arguing that Defendant failed to preserve video footage of the incident. (Doc. 32). Defendant moves in limine to limit the testimony of Plaintiff's treating physician. (Doc. 33). And, with this testimony limited, Defendant argues it is entitled to summary judgment. (Doc. 34).

The Court first addresses Plaintiff's motion. Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (quotation omitted). "In a diversity action such as the instant case, federal law governs the imposition of spoliation sanctions." *Welsh v. Martinez*, No. 2:22-CV-216-JLB-NPM, 2025 WL 1095355, at *3 (M.D. Fla. Apr. 11, 2025) (quotation omitted). Under Rule 37, such sanctions "are available only if: (1) 'electronically stored information that should have been preserved in the anticipation or conduct of litigation' was 'lost because a party failed to take

2

reasonable steps to preserve it,' and (2) that information 'cannot be restored or replaced through additional discovery.'" *Warrington v. Patel*, No. 2:22-CV-77-JES-KCD, 2025 WL 785155, at *5 (M.D. Fla. Mar. 12, 2025) (quoting Fed. R. Civ. P. 37(e)).

Because Plaintiff has not provided sufficient evidence that video footage of the incident ever existed, her spoliation argument fails. *See id.* ("[T]he moving party must show that the information sought existed at a time when the respondent had a duty to preserve it."). She states that the cameras in the store "*could have* recorded Plaintiff's movements, the spill/hazard, and/or the store's employees inspecting or ignoring it." (Doc. 32 at 12) (emphasis added). She points to testimony from Defendant's employees showing that there were about 30 cameras in the store, the store retains footage for around 30 days, cameras did not malfunction, and some employees were not sure where the incident occurred or if it was recorded. (*Id.* at 3–4, 13–20). But none of this evidence establishes that a video camera captured the incident.

Defendant, in contrast, provides evidence that clear footage of the incident never existed. The store employee that responded to the incident testified that Defendant preserved and produced video of the best angle of that area of the store. (Doc. 32 at 136–37). But, as Defendant's corporate representative summarized, "he couldn't find any video on that day that caught a clear image of the accident . . . [b]ecause there wasn't a good camera view[.]"

3

(*Id*. at 91).  With no evidence establishing that a better angle of the incident existed—and some evidence to the contrary—the Court finds spoliation sanctions are unwarranted.

Defendant's motions share the same fate.  Defendant asks the Court to prohibit Plaintiff's treating physician from testifying about causation and anticipated future medical care.  (*See generally* Doc. 33).  In support, it argues that Plaintiff failed to provide a Rule 26(a)(2)(B) report for her physician and that the physician cannot provide opinions about matters that were not necessary for her treatment.  (*Id*.).  If this testimony is excluded, Defendant argues that Plaintiff has no evidence on causation and it is, therefore, entitled to summary judgment.  (*See generally* Doc. 34).

Both arguments fail.  Rule 26 governs the disclosure of expert testimony. *See* Fed. R. Civ. P. 26 (a)(2).  It provides that "if the witness is one retained or specially employed to provide expert testimony in the case" then that witness must provide an expert report with six detailed components.  Fed. R. Civ. P. 26(a)(2)(B).  For other experts, "[u]nless otherwise stipulated or ordered by the court," a party need only provide a disclosure that states "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

4

Plaintiff provided Defendant her treating physician's medical records and a Rule 26(a)(2)(C) disclosure. (Doc. 38 at 2). Still, Defendant argues that "as an expert who is anticipated to testify on the issues of causation, prognosis and/or future implications, the physician was required to serve a full report satisfying the requirements of Rule 26(a)(2)(B)." (Doc. 33 at 7). This argument is mistaken. Rule 26 requires a full expert report, rather than an expert disclosure, only when an expert was "retained . . . to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). As the Eleventh Circuit instructs:

> The expert's job title, the subject or scope of his testimony, and the way that he formed his opinions are irrelevant inquiries for Rule 26(a)(2) purposes. The only question presented by the Rule's text is whether the witness was retained as an expert or otherwise employed as described in Rule 26(a)(2)(B).

*Cedant v. United States*, 75 F.4th 1314, 1324 (11th Cir. 2023). Both parties agree that Plaintiff did not retain her expert to provide expert testimony in the case. Rather, she hired him as her treating physician. This ends the analysis—because her physician is a non-retained expert, no expert report is required.[1]

---

[1] Defendant has a contingency plan. It asserts that even if Plaintiff was required to provide only an expert disclosure, her disclosure was insufficient under Rule 26(a)(2)(C). But Defendant's argument on this point spans half of a page, is citationless, and appears first in its summary-judgment reply. (Doc. 44 at 5–6). So the Court rejects this argument. *See Thompkins v. U.S. Xpress, Inc.*, 611 F. App'x 672, 673 (11th Cir. 2015) (holding that a party cannot raise an argument by making passing references to an issue or raising that issue for the first time in a reply brief).

Defendant also argues that Plaintiff's treating physician "should not be permitted to testify regarding medical causation, future medical care, or other 'expert' opinions unless their medical records indicate that determining causation was required for treatment and their opinions are helpful to a clear understanding of the witnesses' testimony." (Doc. 33 at 8).

A treating physician may be both a lay and expert witness. A lay witness may provide an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. So, as a lay witness, a treating physician may testify about "observations based on personal knowledge, including the treatment of the party" and provide opinions that are "based on his experience as a physician and . . . clearly helpful to an understanding of his decision making process in the situation." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011) (quotations omitted). Defendant's argument tracks this standard.

But a treating physician can offer more than lay testimony, subject to normal limitations. Afterall, "when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702 and the strictures of *Daubert*." *Williams*, 644 F.3d at 1317–18. Defendant,

6

however, does not make any arguments under Rule 702 and *Daubert*, so Plaintiff's treating physician should not be limited to lay testimony about her treatment.

Finally, Defendant provides that its own expert has opined that the incident did not cause Plaintiff's injuries. (Doc. 34 at 4–5, 8–9). But this only creates a "battle of the experts, requiring the factfinder to resolve the issues upon which the experts differ." *Baltzer v. Safety Specialty Ins.*, No. 2:23-CV-999-SPC-KCD, 2025 WL 676251, at *3 (M.D. Fla. Mar. 3, 2025) (quotation omitted).

To recap, Plaintiff's motion for sanctions fails because she has not shown that another video of the incident existed. Defendant's motion in limine and summary-judgment motion fail for a few reasons. Rule 26 does not require an expert report from Plaintiff's treating physician. Defendant has not challenged him under Rule 702, so he is not limited to lay testimony. And the differing opinions between the parties' experts creates a genuine dispute of material fact as to causation. So the Court denies Plaintiff's motion for sanctions and Defendant's motion in limine and motion for summary judgment.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Sanctions (Doc. 32), Defendant's Motion in Limine (Doc. 33), and Defendant's Motion for Final Summary Judgment (Doc. 34) are **DENIED.**

2. This case is **REFERRED** to a settlement conference before United States Magistrate Judge Kyle C. Dudek.  **On or before May 15, 2025**, the parties must provide Judge Dudek's courtroom deputy, Courtney Ward (Courtney_Ward@flmd.uscourts.gov), three dates of mutual availability in June.

3. To accommodate the conference, the Court will extend the remaining case management deadlines under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on May 9, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record